IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **RENO MARCUS BOLES,** | CASE NO. 3:24 CV 786 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **RICHARD B. FISHER, et al.,** | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

### INTRODUCTION

Currently pending in this 42 U.S.C. § 1983 civil rights case is Defendants Richard B. Fisher and the Toledo Police Department's Motion for Judgment on the Pleadings (Doc. 13) as to *pro se* Plaintiff Reno Marcus Boles's Complaint. Plaintiff opposes. (Doc. 14). Jurisdiction is proper under 28 U.S.C. § 1331. For the reasons set forth below, the Court grants Defendants' motion.

### BACKGROUND

Plaintiff's Complaint, filed May 2, 2024, states, in its entirety:

> The defendant Richard B. Fisher violated both the 4th and 5th Amendment by illegally searching and entering 2101 Clarendon Drive Toledo, Ohio and seized both the property and the Plaintiff Reno Marcus Boles. The Plaintiff was not aware of his rights. 6th Amendment violation. Civil rights of not having an attorney present or notice dealing with evidence.
>
> Punitive damages of unliquidated damages and in the amount of 20 Billion United States dollar[s]. The Plaintiff Reno Marcus Boles was injur[]ed in the process, torture[d], and civil rights have been violated from 4, 5, 6, and 8 amendments. The Plaintiff suffered 12 days in Toledo Correctional jail.

(Doc. 1, at 4).

In their Answer, Defendants "admit that Plaintiff was arrested by Toledo Police on July 25, 2021[.]" (Doc. 8, at 2). In his opposition brief, Plaintiff confirms his claims arise from his arrest on this date. *See* Doc. 14, at 2.

## STANDARD OF REVIEW

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as Rule 12(b)(6) motions to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). The pleadings must demonstrate sufficient factual matter that, when taken as true, states a claim which is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). A court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555 (a "formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

"[J]udgment on the pleadings under Fed. R. Civ. P. 12(c) is uniquely suited to disposing of a case in which a statute of limitations provides an effective bar against a plaintiff's claim." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

## DISCUSSION

Defendants move for judgment on the pleadings on the basis that Plaintiff's claims are barred by the statute of limitations. (Doc. 13). As set forth below, the Court agrees.

2

Plaintiff brings civil rights claims under 42 U.S.C. § 1983, asserting Defendants violated his Fourth, Fifth, Sixth, and Eighth Amendment rights. *See* Doc. 1. Section 1983 "provides a vehicle for vindicating rights found in the Constitution or another federal law." *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1159-60 (6th Cir. 2021). The statute of limitations for § 1983 claims is the relevant state's statute of limitations for personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Ohio, "a two-year statute of limitations applies to § 1983 claims[.]" *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007).

"[T]he question of when a § 1983 claim accrues to trigger the statute turns on federal law." *Dibrell*, 984 F.3d at 1162. As the Sixth Circuit recently explained:

> The "standard" accrual "rule" for federal claims starts the limitations period "when the plaintiff has a complete and present cause of action" that can be raised in court. *Rotkiske v. Klemm*, —— U.S. ——, 140 S. Ct. 355, 360, 205 L.Ed.2d 291 (2019) (quoting *Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 418, 125 S.Ct. 2444, 162 L.Ed.2d 390 (2005)). The Supreme Court has contrasted this "standard" rule with a "discovery" rule that ties the start of the limitations period to when the plaintiff discovered (or should have discovered) the cause of action. *Id.* at 360–61. Any presumption favoring that discovery rule, the Court recently clarified, represents a "bad wine of recent vintage." *Id.* at 360 (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 37, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) (Scalia, J., concurring in the judgment)).
>
> In this § 1983 context, the [Supreme] Court has started its accrual analysis with the standard rule: that a claim accrues when the plaintiff has a complete cause of action. *McDonough*, 139 S. Ct. at 2155; *Wallace*, 549 U.S. at 388, 127 S.Ct. 1091. [The Sixth Circuit's] § 1983 caselaw, by contrast, has started the accrual analysis with the competing discovery rule: that the claim accrues when the plaintiff knows of, or should have known of, that cause of action. *See King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017); *Johnson*, 777 F.3d at 843.

*Id.*

Under either the standard or the discovery rule, Plaintiff's claims are barred by the statute of limitations. The parties agree that Plaintiff's claims arise out of his July 25, 2021, arrest. The case was *nolled* on August 9, 2021. *See State v. Boles*, No. CRA-21-06472-0101 (Toledo Muni.

3

Ct.).[1] On August 11 and August 17, 2021, Plaintiff filed two state-court civil complaints asserting similar claims to those raised in the instant case. *See Boles v. Fisher*, No. CVE-21-10448 (Toledo Muni. Ct.) (dismissed April 25, 2022); *Boles v. Fisher*, No. CVI-21-10353 (Toledo Muni. Ct.) (dismissed April 25, 2022). Therefore, at the absolute latest, Plaintiff was aware of the facts underling his claims in August 2021. Two years expired in August 2023. Plaintiff did not file this case until May 2024, well beyond the expiration of the statute of limitations. Nothing in Plaintiff's opposition brief (Doc. 14), demonstrates otherwise.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Motion for Judgment on the Pleadings (Doc. 13) be, and the same hereby is, GRANTED.

 s/ *James R. Knepp II*  
UNITED STATES DISTRICT JUDGE

Dated: December 30, 2024

---

1. The Court may take judicial notice of matters of public record. *Cf. Bailey v. City of Ann Arbor*, 860 F.3d 382, 386 (6th Cir. 2017) ("[A] court ruling on a motion to dismiss '*may* consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.'" (emphasis in original) (citation omitted)); *Smitley v. Eppinger*, 2018 WL 9618503, *1 n. 2 (N.D. Ohio) ("Federal Courts may take judicial notice of public records, such as dockets and proceedings in other courts." (citation omitted)).